IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRAIG ALAN PIERI,

     Plaintiff,

v.                                                                                       No. CV 11-1054 RB/CG

CORRECTIONAL MEDICAL SERVICES,
WILLIAM SHANNON--MD,
LEOPOLDO RASCHBAUM--MD,
DR. FARRIS,

     Defendants.

**ORDER DENYING MOTION TO APPOINT COUNSEL**

**THIS MATTER** is before the Court on Plaintiff Craig Alan Pieri's *Motion for Appointment of Counsel*, (Doc. 13). Plaintiff argues that the appointment of counsel is appropriate because he is incarcerated, has limited access to legal research materials, and is untrained in the law. (*Id.* at 1). He claims that any trial in his case will involve conflicting testimony and that the appointment of counsel will better enable him to present evidence and cross-examine witnesses. (*Id.*). Defendant Correctional Medical Services opposes the motion, arguing that plaintiffs in civil matters are not entitled to the appointment of counsel. (Doc. 14).

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). When deciding whether to request the appointment of counsel, the Court considers several factors. These include,

"the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F.2d 994 ,996 (10th Cir. 1991)). In addition, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

Having reviewed the pleadings, it appears that Plaintiff is aware of the issues presented in this case. Plaintiff's amended complaint states in detail the manner in which he feels that prison doctors have failed to treat his seizure disorder and have prescribed harmful medications. (Doc. 10 at 1-7). It also appears that Plaintiff has been able to represent himself capably so far. Not only has he filed a detailed amended complaint, he also responded to this Court's *Order to Show Cause* of December 23, 2011, by providing copies of the administrative grievances that he has filed while incarcerated. (Doc. 11). While Plaintiff claims that the appointment of counsel will better enable him to cross-examine witnesses at trial, the Court is unable to ascertain the merits of Plaintiff's case at this early stage of the litigation and it is uncertain whether a trial will be necessary in this case. The Court will therefore **DENY** Plaintiff's *Motion for Appointment of Counsel*, (Doc. 13), at this time.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE