IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


CRAIG ALAN PIERI,

       Plaintiff,

v.                                                            No. CV 11-1054 RB/CG

CORRECTIONAL MEDICAL SERVICES,
WILLIAM SHANNON--MD,
LEOPOLDO RASCHBAUM--MD,
DR. FARRIS,

       Defendants.


## ORDER FOR MARTINEZ REPORT

**THIS MATTER** comes before the Court, *sua sponte*, for an Order directing Defendants to produce a *Martinez* report. Plaintiff is a New Mexico state prisoner currently incarcerated at the Penitentiary of New Mexico ("PNM"). Plaintiff claims that Defendant Correctional Medical Services and three doctors have failed to provide him with adequate medical care in violation of his constitutional rights under the Eighth and Fourteenth Amendments. (Doc. 10 at 2-3). He claims that Dr. Raschbaum at the Southern New Mexico Correctional Facility ("SNMCF") failed to treat his seizures, failed to provide timely care, and forced him to take harmful medications. (*Id.* at 3). He makes similar allegations against Dr. Farris at the Northeast New Mexico Detention Facility ("NENMDF"). (*Id.* at 4). He also alleges that Dr. Shannon at PNM discontinued his pain medication without cause. (*Id.* at 4). He states generally that medications are not renewed in a timely manner and that he is sometimes mistakenly provided with the wrong medications. (*Id.* at 5). As a result of the medical neglect, he alleges that he has suffered injuries from seizures, infections, and

damage to internal organs. (*Id.* at 2-5). He seeks declaratory, injunctive, and monetary relief. (*Id.* at 8).

All Defendants have filed individual answers but have not filed any dispositive motions. Among other defenses, they assert that Plaintiff's claims are barred by the statute of limitations and that he has failed to exhaust administrative remedies. (Doc. 20 at 2; Doc. 22 at 2; Doc. 23 at 4; Doc. 31 at 2).

The purpose of a *Martinez* report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th. Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 318-19 (10th Cir. 1978)). This Court may order a defendant to investigate the incident or incidents underlying a lawsuit and to submit a report in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* report may be used in a variety of contexts, including motions for summary judgment or a *sua ponte* entry of summary judgment. When a *Martinez* report is used for summary judgment purposes, the *pro se* Plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

Wherefore, to assist the Court in evaluating Plaintiff's claims in this matter,

**IT IS HEREBY ORDERED**:

1. Defendants shall prepare a *Martinez* report addressing the claims raised in Plaintiff's amended *Civil Rights Complaint* (Doc. 10) by:

    a. Setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons who dealt directly with Plaintiff with regard to the medical treatment that is the subject of his

        complaint, or who witnessed or made decisions with regard to such treatment; whether any records or documents exist pertaining to such treatment and, if so, a description of those records and documents and their contents; and whether any contracts, policies, procedures, protocols, laws, or regulations address such medical treatment and, if so, a description of those contracts, policies, procedures, protocols, laws, or regulations and their contents.

    b.    Providing copies of all records and documents pertaining to the medical treatment or matters referred to in the foregoing sub-paragraph a. Such records shall include, but are not limited to, Plaintiff's medical records during the period of his incarceration at PNM, SNMCF, and NENMDF.

    c.    Providing affidavits in support of the report, if necessary; and

    d.    Providing a copy of the administrative grievance procedure for inmate complaints about medical treatment that was in effect at PNM, SNMCF, and NENMDF during the relevant time period in Plaintiff's Complaint and copies of all records and documents pertaining to Plaintiff's exhaustion of prison administrative remedies with respect to his claims.

2.    The records and documents submitted with the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, shall not be considered in compliance with this Order.

3.    The Court is aware of the potential sensitivity of the materials that may be contained in corrections files and that there may be valid reasons for keeping confidential some of the contents of such files. Therefore, Defendant may redact confidential portions of the report, or any records submitted with the report, provided that he also file a memorandum setting forth any objections he might have to Plaintiff being permitted to review the redacted portions of the report, records, or documents. If Defendant does not submit such a memorandum, Plaintiff shall be permitted to review the contents of the report and the records and documents submitted with the report. Defendant's memorandum, if any, shall be served on the Plaintiff, who shall have fourteen days after the date of service of the memorandum to file and serve a response to the memorandum. The Court will review the Defendant's memorandum, if any, and any responses filed by Plaintiff, to determine whether the redacted portions of the report, records, or documents should be disclosed to Plaintiff. If necessary, the Court will review the redacted portions of the report, records, or documents in camera before making its determination.

4. All records and documents submitted with the report must be submitted with an index. The index must identify each record and document submitted by number, and each record and document must be marked with a tab or label showing its number. Additionally, the report and each record and document submitted with the report must have its pages numbered using Bates stamps, or a similar numbering system.

5. A complete copy of the report must be filed on the case docket and served on Plaintiff.

6. Defendant shall file the *Martinez* report on or before June 14, 2012.

7. Plaintiff shall file and serve his response to the *Martinez* report on or before July 12, 2012.

8. Defendant shall file and serve his reply, if any, to the Plaintiff's responses on or before July 30, 2012.

Because the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or *sua sponte*, the parties are urged to submit whatever materials they consider relevant to Plaintiff's claims.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE