IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRAIG ALAN PIERI,

    Plaintiff,

v.

                                                                             No. CV 11-1054 RB/CG

CORRECTIONAL MEDICAL SERVICES,
WILLIAM SHANNON – MD,
LEOPOLO RASCHBAUM – MD,
DR. FARRIS,

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition* ("PFRD") filed August 31, 2012, (Doc. 46), *Plaintiff's Written Objections to Summary Judgment in Favor of Defendants*, ("Objections"), filed September 19, 2012, (Doc. 47), and *Defendants' Response to Plaintiff's Written Objections to Summary Judgment in Favor of Defendants (Doc. 47)*, ("Response"), filed on October 3, 2012, (Doc. 48). After conducting a *de novo* review of the PFRD, the Objections, and the Response, the Court **OVERRULES** the objections and **ADOPTS** the PFRD.

**Background**

Plaintiff, a prisoner incarcerated in several New Mexico penal institutions over the last two years, originally filed his complaint in New Mexico's First Judicial District Court. (Doc. 1 at 1; Doc. 4 at 1-3). When Defendants removed the case to this Court, Plaintiff filed an amended complaint, in which he made specific allegations against the individual defendants, as well as generalized complaints of medical neglect. (Doc. 10). Plaintiff's

complaints allege that Defendants were deliberately indifferent to his serious medical needs and thus violated his constitutional rights under the Eighth and Fourteenth Amendments. (*Id.* at 2-3).

Plaintiff's specific allegations include claims that Defendants adopted, and acted in accordance with, a policy eliminating the prescription of "effective" medications in favor of less effective ones; Defendants delayed or failed to provide medical treatment; and Defendants failed to refill Plaintiff's prescriptions in a timely manner. (Doc. 4 at 2; Doc. 10 at 3-6). Defendants submitted a *Martinez Report* and requested that the Magistrate Judge construe the report as a motion for summary judgment. (Doc. 35 at 1).

After a thorough review of Plaintiff's complaint and amended complaint, *Defendants Correctional Medical Services, William Shannon, M.D., Leopold Raschbaum, M.D., and Bud E. Faris, D.O.'s Martinez Report*, (Doc. 35), *Plaintiff's Response to the Martinez Report*, (Doc. 39), and *Defendants Correctional Medical Services, Inc., William Shannon, M.D., Leopold Raschbaum, M.D., and Bud E. Faris, D.O.'s Reply in Support of Martinez Report*, (Doc. 44), the Magistrate Judge recommended that this Court grant Defendants' motion for summary judgment. (Doc. 46 at 1). The Magistrate Judge found that Plaintiff's claims were rooted in the Eighth Amendment and, therefore, his Fourteenth Amendment claims should be dismissed. (*Id.* at 9). As for Plaintiff's Eighth Amendment claims, the Magistrate Judge found that Plaintiff failed to demonstrate that Defendants' behavior amounted to a constitutional violation under the Eighth Amendment. (*Id.* at 10 - 23). Finally, the Magistrate Judge denied Plaintiff's claim, raised for the first time in Plaintiff's response to the *Martinez*

*Report*, that Defendants violated his rights under the Fourteenth Amendment by placing him in segregation for over two years. (*Id.* at 23). The Magistrate Judge construed this newly raised claim as a motion to amend Plaintiff's complaint for a second time and denied it because it was untimely, Plaintiff had previous opportunities to raise the claim, and allowing it would be prejudicial to the Defendants. (*Id.* at 24-25).

**Plaintiff's Objections**

Plaintiff's first objection is to the dismissal of his Fourteenth Amendment claims. Plaintiff asserts that Defendants have adopted a "policy of not worthwhile medical care" which denies a citizen "both privileges and liberty, and also equal protection of these rights." (Doc. 47 at 1). However, Plaintiff does not cite a specific policy to support this claim, nor does he elaborate on his equal protection claim. Furthermore, Plaintiff fails to address the analysis in the PFRD that, under Tenth Circuit case law, Plaintiff's claims of inadequate medical care must be reviewed under the Eighth Amendment. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (noting that, when a prisoner asserts claims under the Eighth and Fourteenth Amendments due to inadequate medical care, the Court should review the claims solely under the Eighth Amendment). Thus, Plaintiff's statements that Defendants have violated his rights under the Fourteenth Amendment are merely conclusory assertions and are overruled.

In his second objection, Plaintiff does not challenge the Magistrate Judge's statement of the law in the PFRD, but instead reiterates that the evidence establishes his medical needs and that the Court should have found that Defendants' behavior constituted deliberate indifference. (Doc. 47 at 2). This section of the PFRD is an

explanation of the law relating to the Eighth Amendment, including what a plaintiff must show to establish that a defendant acted with deliberate indifference; it does not contain any conclusions about Plaintiff's claims in this particular case. (Doc. 46 at 10-11). Because Plaintiff has not shown that the Magistrate Judge's explanation of the law was erroneous, and the factual claims in this objection are raised again in his eighth objection, this objection is overruled.

In his third objection, Plaintiff repeats several of his claims relating to his prescription for Valproic Acid, all of which were addressed in the PFRD. (Doc. 47 at 3). As accurately explained in the PFRD, even if these claims amount to negligence, allegations of medical negligence are not sufficient to establish a constitutional violation, nor can the Defendant doctors be held responsible for the negligent acts of subordinate medical employees. (Doc. 46 at 11-14). *See Poolaw v. Marcantel*, 565 F.3d 721, 732 (10th Cir. 2009); *Foote v.Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Plaintiff acknowledges that it was a nurse practitioner, not one of the Defendant doctors, who resumed the Valproic Acid prescription, thus, Plaintiff has not shown that any of the Defendants had any personal involvement in the harmful behavior. (Doc. 47 at 3). Therefore, this objection is overruled.

Plaintiff's fourth objection details the need to test Plaintiff's blood to monitor his medication levels. However, Plaintiff does not provide evidence of actual harm he suffered in order to show that the Magistrate Judge's conclusion that Plaintiff failed to show that the delay in blood work actually resulted in substantial harm to Plaintiff was erroneous. (*Id.* at 4). Thus, this objection is overruled.

Plaintiff's fifth objection, relating to the dismissal of his claim that Defendants failed to provide full doses of anti-seizure medication, offers only a conclusory assertion that if the Magistrate Judge had completely reviewed the documents submitted by the Plaintiff, she would have found that he had established his claims. (*Id.* at 5). Because Plaintiff does not point to any specific evidence that the Magistrate Judge failed to review or address an error in the legal analysis in the PFRD, this objection is overruled.

In his sixth objection, Plaintiff alleges that Defendant CMS's policy of allowing only doctors to order certain medications, such as Phenobarbitol, caused delays in Plaintiff's receipt of medications, and thus caused a violation of his Eighth Amendment rights. (*Id.*). However, Plaintiff's medical records included in the *Martinez Report* indicate that Plaintiff's Phenobarbitol prescription was reordered before Plaintiff saw a doctor, suggesting that CMS does not have a policy of allowing only doctors to order the medications Plaintiff needed. (Doc. 39-2 at 14, 28; Doc. 35 at 19-20; Doc. 35, Ex. A Bates stamp at 95). Plaintiff also asserts that Defendants Dr. Raschbaum, Dr. Faris, and Dr. Shannon are liable because of their supervisory positions. (Doc. 47 at 5). As addressed above, Defendants cannot be held liable for the negligent acts of subordinate medical employees. *See Poolaw*, 565 F.3d at 732; *Foote*, 118 F.3d at 1423. This objection is overruled.

As to Plaintiff's seventh objection, he merely reasserts his claims that the various treatments for his infections were not effective. (Doc. 47 at 6). He does not challenge the Magistrate Judge's finding that claiming that medical providers may have been negligent is not sufficient to establish a claim of deliberate indifference under the Eighth Amendment. (Doc. 46 at 22). Therefore, this objection is overruled.

In his eighth objection, Plaintiff asserts that Defendant Faris denied Plaintiff access to any pain medication while at NENMDF, but he does not address the Magistrate Judge's legal analysis. (Doc. 47 at 6).   As noted in the PFRD, the records indicate that Defendant Faris never treated Plaintiff.  (Doc. 46 at 13; Doc. 35 at 28; Doc. 44 at 5-6).  However, assuming that Defendant Faris was involved in directing his treatment as Plaintiff asserts, Plaintiff's allegation that he was denied his pain medication by Defendant Faris contradicts the record.  In a letter Plaintiff wrote to the warden at NENMDF, he states that his "K.O.P.s [keep on person medications] were taken away" and that he has to "beg each day for [his] pain-off to get some pain reliefs [sic].  Once in a while they will give me enough for a day or two…"  (Doc. 39-2 at 7).  This letter indicates that, while Plaintiff was not permitted to keep his pain medication with him in his cell so that he could take it at any point during the day, he was not completely deprived of his pain medication because of an order given by Defendant Faris.[1]  (Doc. 47 at 6; Doc. 39-2 at 5-12). While it may have been inconvenient for Plaintiff to contact the medical unit to procure his pain medication, he was not denied access to it in a way that would constitute deliberate indifference under the Eighth Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Foote*, 118 F.3d at 1423.  This objection is overruled.

In his ninth objection, Plaintiff simply reiterates that his placement in segregation violated his constitutional rights.  (Doc. 47 at 7).  The Magistrate Judge recommended that this claim be denied because it was not raised in a timely manner, nor was an

---

[1] The records do include a grievance filed by Plaintiff in which he claims that a medical staff member at NENMDF neglected to bring him his pain medication after she told him that she would bring it. (Doc. 39-2 at 11).   This claim does not directly implicate Defendant Farris and, as explained above, Defendant Farris cannot be held liable for the alleged negligence of supervised employees.

excuse provided as to why Plaintiff did not avail himself of earlier opportunities to raise it. (Doc. 46 at 23-25). Plaintiff does not object to the analysis or suggest that it is erroneous, thus this objection is overruled.

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections are **OVERRULED**;
2. The Magistrate Judge's *Proposed Findings and Recommended Disposition* is **ADOPTED**;
3. Summary Judgment is **GRANTED** in favor of Defendants; and
4. Plaintiff's Amended Civil Rights Complaint is **DISMISSED WITH PREJUDICE**.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE